Dear Mr. Welborn:
This opinion letter is in response to your questions regarding a contract entered into by the sheriff of Stoddard County and the Stoddard County Ambulance District whereby the sheriff of Stoddard County agreed to dispatch emergency calls to the ambulance district in return for monetary compensation paid to the sheriff. You have posed the following questions:
 1. Is the sheriff of Stoddard County authorized to enter into this contract or must the contract be approved by the Stoddard County Commission?
 2. May the compensation paid pursuant to this contract be paid directly to the sheriff's deputies for additional duties performed or must any sums received under the contract be deposited in the general revenue of Stoddard County?
In response to your first question, in Attorney General Opinion No. 86, Caskey, 1981, a copy of which is enclosed, this office concluded that a contract entered into by a county sheriff and the United States Secretary of the Army for special law enforcement services by a sheriff must have the approval of the county court. Likewise, in Attorney General Opinion No. 23, Kuhlman, 1970, a copy of which is also enclosed, this office concluded that a contract entered into between the county clerk of Clay County and several municipalities of Clay County to provide a common service pursuant to a cooperative agreement statute, must be taken before the county court of Clay County for approval. Therefore, this contract between the sheriff of Stoddard County and the ambulance district is subject to approval by the Stoddard County Commission.
Your second question inquires whether any compensation received under this contract may be paid directly to the sheriff's deputies in consideration for additional duties performed or whether any sums paid under the contract must be deposited in the general revenue fund of Stoddard County. Again, Attorney General Opinion No. 86, Caskey, 1981, is directly analogous to your situation. Any monies collected by the sheriff of Stoddard County for services rendered pursuant to the contract must be remitted to the general revenue fund of the county.
Therefore, it is the opinion of this office that the contract between the sheriff and the ambulance district is subject to approval by the Stoddard County Commission, and any funds paid to the sheriff pursuant to said contract must be deposited in the general revenue fund of Stoddard County.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures Opinion No. 23, Kuhlman, 1970 Opinion No. 86, Caskey, 1981